IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jerome Curry, | Case No. 0:23-cv-03255-JDA |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| MacDougall Corr. Inst.; Lee Correctional Institution; Ridgeland Corr. Inst.; Governor of S.C.; Attorney General of S.C.; Director of S.C.; Attorney General Danelle Dixon; Allan Wilson; Christopher Murphy; Judge Roger Young; Judge R. Kirk Griffin; Judge Kristi F. Curtis; Judge J. Armstrong; Patricia A. Howard, *Clerk*; South Carolina Dept .of Corr.; Charleston County Sheriffs Dept.; Charleston County Police Dept.; Charleston County Jail; Charleston County Public Defenders Office; Ashley Pennington; Ben Lewis; Solicitor's Office of Charleston County; State of South Carolina; County of Charleston, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Complaint [Doc. 1], his motion for leave to proceed in forma pauperis ("IFP")[1] [Doc. 2], a Report and Recommendation ("Report") of the Magistrate Judge [Doc. 13], and 17 motions filed by Plaintiff since the Magistrate Judge issued the Report [Docs. 19; 22; 23; 26; 29; 33; 37; 40; 44; 45; 46; 49; 51; 52; 53; 54; 55]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.),

---

[1] In filing this case, Plaintiff submitted an "Application to Proceed without Prepayment of Fees and Affidavit" [Doc. 2], which the Court construes as a motion for leave to proceed IFP.

this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

## BACKGROUND

On August 17, 2023, the Magistrate Judge issued an Order (the "August 17 Order") notifying Plaintiff that he is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g) because he has had at least three cases dismissed by this Court for frivolousness or failure to state a claim upon which relief can be granted, directing Plaintiff to pay the filing fee within 21 days, and directing Plaintiff to submit the documents necessary to bring the case into proper form for the issuance and service of process within 21 days. [Doc. 9.] When Plaintiff did not respond to the Order by paying the filing fee and submitting the required service documents by the time the deadline expired, on September 25, 2023, the Magistrate Judge issued a Report recommending that Plaintiff's motion for leave to proceed IFP be denied and this action be summarily dismissed without prejudice for failure to prosecute and failure to comply with an Order of the Court. [Doc. 13.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 4.]

On October 10, 2023, the Clerk filed a letter from Plaintiff stating that he had never received the August 17 Order but that he had received the Report. [Doc. 15.] Plaintiff also asserted that the mail room staff had been withholding his legal mail. [*Id.*] Then, on October 16, the Clerk filed Plaintiff's objections to the Report. [Doc. 18.] In his objections, Plaintiff again stated that he had not received the August 17 Order but that he had received the Report, and he included various statements of facts sections regarding the conditions of his confinement. [*Id.*] Since filing his objections, Plaintiff has filed 17

additional motions, including numerous motions to amend the Complaint; a motion for summary judgment; a motion for entry of default judgment; a motion to compel the South Carolina Department of Corrections to allow Plaintiff access to the law library, legal phone calls, and a Bible/legal property; a motion to appoint counsel; and a motion for a restraining order.  [Docs. 19; 22; 23; 26; 29; 33; 37; 40; 44; 45; 46; 49; 51; 52; 53; 54; 55.]  The case was reassigned to the undersigned on February 20, 2024.  [Doc. 35.]

## APPLICABLE LAW

**Standard of Review**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

**The Prison Litigation Reform Act and the Three-Strikes Rule**

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), requires that this Court engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).  As part of this screening process, the PLRA limits the ability of prisoners to file civil actions without prepayment of filing fees under what has become known as the three-strikes rule.

The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus, "[w]hen a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees."  *McLean v. United States*, 566 F.3d 391, 393–94 (4th Cir. 2009), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020)[2]; *see also Graham v. Riddle*, 554 F.2d 133, 134–35 (4th Cir. 1977) (explaining that the court has "the authority to deny cost-free filing" where the plaintiff is "abus[ing] the process of the court" by filing frivolous, repetitive complaints).  Without a showing of imminent danger, the prisoner must prepay the filing fee in full to proceed with his case.  28 U.S.C. § 1915(g).

---

[2] In *Lomax v. Ortiz-Marquez*, the Supreme Court abrogated the *McLean* holding that a dismissal without prejudice for failure to state a claim does not constitute a strike under the PLRA.  140 S. Ct. 1721, 1724, 1727 (2020) (holding that regardless of whether the dismissal is with or without prejudice, the dismissal of a prisoner's civil lawsuit for failure to state a claim counts as a strike under the PLRA's three-strikes rule).

4

**DISCUSSION**

**Plaintiff's Motion for Leave to Proceed IFP**

As stated, the Report recommends both that Plaintiff's motion for leave to proceed IFP be denied and that this action be summarily dismissed without prejudice for failure to prosecute and failure to comply with an Order of the Court. [Doc. 13 at 3.] In his objections, Plaintiff failed to address the recommendation that his motion for leave to proceed IFP be denied. [*See* Doc. 18.] Instead, as stated, Plaintiff indicated that he had not received the August 17 Order, and he included various factual allegations regarding his conditions of confinement. [*Id*.] Because Plaintiff has not objected to the portion of the Report recommending that his motion for leave to proceed IFP be denied, the Court has reviewed that portion for clear error and finds none. Additionally, out of an abundance of caution for Plaintiff as a pro se litigant and because he has indicated that he did not receive the August 17 Order, the Court has reviewed the record in this case and the applicable law and determines that Plaintiff is subject to the three-strikes rule and cannot demonstrate imminent danger of physical injury.

Plaintiff has filed at least 17 cases in this Court,[3] and at least three of those cases may be deemed strikes under the PLRA in accordance with the standard set forth in *Lomax*. On November 8, 2011, the Court summarily dismissed Plaintiff's complaint as frivolous, noting that it was largely duplicative of Plaintiff's prior action that had also been summarily dismissed. *Curry v. Young*, No. 2:11-cv-01687-TMC, Doc. 14 (D.S.C. Nov. 8,

---

[3] The Court takes judicial notice of Plaintiff's prior actions filed in this Court. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2011).  On October 27, 2020, the Court summarily dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted.  *Curry v. Crockett*, No. 2:20-cv-02343-TMC, Doc. 20 (D.S.C. Oct. 27, 2020).  On October 27, 2020, the Court summarily dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted.  *Curry v. Cannon*, No. 0:20-cv-02374-TMC, Doc. 20 (D.S.C. Oct. 27, 2020).  Accordingly, without a showing of imminent danger, Plaintiff must prepay the filing fee in full to proceed with his case.

To invoke the imminent danger exception under § 1915(g), an "inmate must make specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (internal quotation marks omitted).  Allegations that are vague, speculative, or hypothetical do not rise to the level of imminent danger.  *See Smith v. Geise*, No. 3:16-cv-3230-TMC-BM, 2017 WL 1047250, at *3 (D.S.C. Jan. 17, 2017) (noting that "[g]eneral and vague allegations of harm and unspecific references to injury, even when liberally construed, are insufficient" to invoke the imminent danger exception), *Report and Recommendation adopted by* 2017 WL 1035962 (D.S.C. Mar. 17, 2017).  Moreover, the purported danger must exist at the time the plaintiff files the action or moves for IFP status.  *See Staley v. Smalley*, No. 9:07-cv-1553-PMD, 2007 WL 2283647, at *2–3 (D.S.C. Aug. 6, 2007); *see also Smith v. Ward*, No. 9:13-cv-1651-TMC, 2013 WL 5308799, at *3 (D.S.C. Sept. 18, 2013) (noting that the imminent danger exception generally "does not apply to harms that have already occurred" absent a pattern of misconduct).

Here, the Complaint asserts numerous claims related to Plaintiff's conditions of confinement and his allegation that he has been wrongfully convicted and thus is unlawfully incarcerated.  However, the Complaint does not allege any imminent danger of serious physical injury to satisfy the PLRA's exception to the three-strikes rule.  Based on a review of the allegations in the present action, the Court concludes that the Complaint is devoid of any assertion that Plaintiff is in danger of serious physical injury and that, even if such an assertion were intended by Plaintiff, it is not by supported by any plausible factual allegations.  Accordingly, Plaintiff's motion for leave to proceed IFP is denied pursuant to the three-strikes rule under 28 U.S.C. § 1915(g).  However, because Plaintiff has indicated that he did not receive the initial Order directing him to pay the filing fee, the Court will grant Plaintiff one final opportunity to pay the filing fee within 14 days as discussed below.

**Plaintiff's Other Motions**

As stated, Plaintiff has filed 17 other motions, and the Court denies these motions. Plaintiff's motions to amend the Complaint [Docs. 19; 22; 23; 29; 37; 40; 44; 45; 49; 52; 54; 55] are denied because Plaintiff has failed to submit any proposed amended complaint that is complete within itself.  See *Tucker v. Price*, No. 4:22-cv-1861-MGL-MHC, 2023 WL 10449206, at *1 (D.S.C. Jan. 24, 2023) (denying a motion to amend the complaint based on the plaintiff's failure to file a proposed amended complaint and stating that "[a] plaintiff may not amend a complaint in piecemeal fashion by merely submitting additional factual allegations" and an amended complaint "should be complete in itself" (internal quotation marks omitted)).  Indeed, Plaintiff has not filed any proposed amended complaint and instead has filed 12 separate motions to amend the Complaint, each with

piecemeal factual allegations. Plaintiff's motions for summary judgment [Doc. 26], for entry of default judgment [Doc. 33], to compel the South Carolina Department of Corrections to allow Plaintiff access to the law library, legal phone calls, and a Bible/legal property [Doc. 46], and for a restraining order [Doc. 53] are denied as premature because this case has not yet been authorized for issuance and service of process and, therefore, the Court will not address the merits of Plaintiff's case at this posture. Finally, Plaintiff's motion to appoint counsel [Doc. 51] is denied because he has been denied IFP status in this case and there is no constitutional right to appointed counsel in a civil case even when a plaintiff is proceeding IFP. *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984).

## CONCLUSION

Based upon the foregoing, the Court accepts in part the Report and Recommendation of the Magistrate Judge [Doc. 13], and Plaintiff's motion for leave to proceed IFP [Doc. 2] is DENIED. Additionally, as explained, Plaintiff's other pending motions [Docs. 19; 22; 23; 26; 29; 33; 37; 40; 44; 45; 46; 49; 51; 52; 53; 54; 55] are all DENIED. Because Plaintiff may proceed with this case only if he prepays the filing fee in full, Plaintiff shall have 14 days from the date of this Order to submit the required filing fee. If the filing fee is not paid within 14 days of this Order, the Clerk is directed to dismiss this action without prejudice pursuant to the three-strikes rule under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

June 27, 2024
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.